CHARLES LEE QUAINTANCE, ESQ. Highland Falls, N Y
We acknowledge receipt of your letter inquiring whether you, an attorney, may be appointed as school district attorney by the board of education of a school district if your wife is a member of the board of education. You also inquire whether, if you can be appointed, your wife may vote on the appointment and vote on questions coming before the board involving your salary and/or expense vouchers.
For the purposes of General Municpal Law §§ 800-809, which constitutes Article 18 of that statute and relates to conflicts of interest, section 800 subdivision 4 includes school districts as municipalities. Education Law § 410 prohibits officials from being interested in contracts but specifically states that it is not applicable to municipal officers or employees subject to Article 18 of the General Municipal Law.
Section 801 of the General Municipal Law prohibits a municipal officer from having an interest in any contract with the municipality when the officer has the power or duty to approve that contract. However, subdivision 3 of section 800 of that statute provides in part as follows:
 "For the purposes of this article a municipal officer or employee shall be deemed to have an interest in the contract of (a) his spouse, minor children and dependents, except a contract of employment with the municipality which such officer or employee serves,
* * *." (Emphasis supplied.)
In interpreting this statute this office has issued an opinion reported in 1974 Atty Gen [Inf Opns] 303 that a town board of a town of a second class, of which the town justice is a member, may employ the spouse of the town justice as clerk to that justice. In another opinion reported in 1967 Atty Gen [Inf Opns] 158 we concluded that a county sheriff may appoint his wife as matron of the county jail. Copies of those opinions are enclosed herewith. We find no provision in the Education Law, such as Education Law § 3016 which relates to employment of teachers related by blood or marriage to any member of the board of education, which would apply to the employment by a board of education of other officers or employees.
In our opinion, an attorney may be appointed school district attorney even though the attorney's spouse is a member of the board of education of the school district. The authorization contained in General Municipal Law § 800 subdivision 3 constitutes a waiver of the prohibition of such a contract when the contract relates to a spouse of a board member; it is so broad in its terms that there is no reason why the spouse of the attorney may not vote upon the question of the attorney's employment and upon matters relating to the attorney's salary and/or expense vouchers.